# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JOHN MULVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| HILDA SOLIS, AS SECRETARY OF THE ) | |
| UNITED STATES DEPARTMENT ) | |
| OF LABOR ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## COMPLAINT

John Mulvey ("Plaintiff") brings this action against Hilda Solis ("Defendant"), in her capacity as the Secretary of the United States Department of Labor, seeking redress for violations of the Fair Labor Standards Act of 1938 as amended ("FLSA").

## PARTIES

1. Plaintiff is a resident of Nashville, Davidson County, Tennessee and is and was employed by the United States Department of Labor (the "Department" or "DOL") during all relevant times to this action as a "paralegal" working at the DOL's field office in Nashville, Tennessee (the "Facility").

2. Secretary Hilda Solis is the current Secretary of the United States Department of Labor and is sued in her official capacity as such since she is responsible for and controls the DOL and is therefore responsible for the actions of the DOL during the relevant times to this action.

{004662/12487/00268262.DOCX / Ver.1}1

## JURISDICTION AND VENUE

3. Jurisdiction of the Court is appropriate under 28 U.S.C. §§ 1331 and 1337.

4. Venue is appropriate in this Court under 28 U.S.C. § 1391 because the Defendant conducts business operations in this judicial district, and the events and omissions giving rise to claims under the FLSA occurred and are occurring in this judicial district.

## FACTUAL BACKGROUND

5. Defendant is an "employer" within the meaning of the FLSA and is subject to the requirements of the FLSA.

6. The Plaintiff was at all relevant times an employee of Defendant and was or should have been classified as a non-exempt employee under the FLSA.

7. Defendant is engaged in commerce as contemplated by the FLSA.

8. The Plaintiff worked for Defendant at the Facility, although his work at times required him to perform work outside of the Facility. Plaintiff is a paralegal, principally working in support of the legal services provided by attorneys with the DOL.

9. In or around August 2010, the DOL tasked Plaintiff with the Congressionally Funded Mine Safety And Health Administration ("MSHA") Backlog Project (the "Project"). The Project principally consisted of negotiating with mine operators related to mine safety and health violations allegedly committed by such mine operators. Due to a back log of violations, Congress funded the Project and subsequently the United States Government tasked certain members of its legal staff across all departments, along with temporary attorneys and other staff hired specifically for the Project, to aid in the resolution of matters between MSHA and those entities it regulates.

10. Plaintiff worked on the Project from around August 2010 through June 2011. Specifically, Plaintiff's work included, but was not limited to, participating in settlement negotiations with mining companies, preparing documents for settlement, traveling to and from settlement conferences, and coordinating with legal staff on the resolution of claims. Plaintiff participated in no less than five settlement conferences with five different mining companies located throughout the southeast United States, including Kentucky and Alabama.

11. At all times Plaintiff's supervisors at the DOL were aware of the hours worked by Plaintiff and either explicitly or implicitly approved the hours worked on the Project.

12. As a result of Plaintiffs' work on the Project, Plaintiff regularly worked in excess of 40 hours per week. Plaintiff has never been compensated for the overtime as required by §7 of the FLSA, 29 U.S.C. § 207.

13. Defendant has not acted in good faith due to the failure to properly pay and compensate the Plaintiff for the work performed, nor does Defendant have any reason to believe its failure to do so is not a violation of the FLSA within the meaning of § 11 of the FLSA, 29 U.S.C. § 260.

14. Plaintiff began working with the DOL in or around 1999 and he was classified as a non-exempt employee. In or around January 2009, the DOL classified Plaintiff as exempt under the FLSA. Apparently, the DOL classified Plaintiff as exempt because he was a "GS-12 paralegal who does non-manual work and provides authoritative advice, guidance and/or research to managers on matters of significance." (Email from Tikia Martin to Plaintiff, May 31, 2012, attached as Exhibit 1.) However, after Plaintiff pointed out this classification violated wage hour memorandums issued by the DOL, the DOL acknowledged that it had misclassified Plaintiff.

Specifically, the DOL later acknowledge that "[p]er the federal regulations and guidance from our national office, [Plaintiff] should be coded as FLSA non-exempt." (Email from Tikia Martin to Plaintiff, June 6, 2012, attached as Exhibit 1.)

15. Accordingly, Defendant and the DOL knew or reasonably should have known that it misclassified Plaintiff during the relevant period of time. The DOL had no reasonable basis to conclude that Plaintiff was a paralegal who provided authoritative advice, guidance and/or research to managers on matters of significance and was not subject to the administrative or any exemption, applicable to the FLSA.

16. Plaintiff attempted to amicably resolve this dispute with the DOL and instigated various formal and informal processes with the DOL, but to no avail. Beginning in January 2012, Plaintiff attempted to resolve this dispute with his immediate supervisor, but she would never return his requests for resolution. This prompted the Plaintiff to institute an administrative process with the Office of Personnel Management. Plaintiff requested that his claim be resolved no later than October 10, 2012. In an email from the U.S. Office of Personnel Management, Mr. Damon Ford stated that "if you are concerned that the administrative adjudication process will take too long nothing limits your right to bring the action in an appropriate United States court. We just ask that you notify us of your court filing as OPM will not decide an FLSA claim that is in litigation." (Email from Damon Ford to John Mulvey, Oct 3, 2012, attached as Exhibit 2.) Accordingly, this matter is now ripe for review by this Court and all conditions precedent to this action have been satisfied or the DOL has waived such conditions precedent.

**WHEREFORE,** the Plaintiff prays:

(a) That the Court enter judgment against Defendant in the amount due to the Plaintiff for overtime compensation as mandated under the FLSA;

(b) That the Court award to the Plaintiff an equal amount as liquidated damages provided by §16 (b) of the FLSA, 29 U.S.C. § 216 (b), or interest, as the Court may determine;

(c) That the Court award the Plaintiff reasonable attorney's fees and costs of this action as provided for by § 16 (b) of the FLSA, 29 U.S.C. § 216 (b);

(d) That the Court impanel a jury to decide all factual issues in dispute; and

(e) That the Court provide such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

*[signature]*

J. Gerard Stranch, IV (BPR No. 23045)
Benjamin A. Gastel (BPR No. 28699)
Branstetter, Stranch, & Jennings PLLC
227 Second Avenue North, 4th Floor
Nashville, TN   37201-1631
Tel. (615) 254-8801

**Attorneys for Plaintiff**